# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHILD DOE 1, a minor, by and through parent and next friend, PARENT DOE 1, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TULSA COUNTY, *ex rel.* JUVENILE BUREAU OF THE TULSA COUNTY DISTRICT COURT, *et al.*, <br><br> Defendants. | Case No. CIV-24-182-RAW |

## ORDER

Before the court is Plaintiffs' "Emergency Motion for Preliminary Injunction" filed on June 26, 2024 [Docket No. 24]. To date, only one Defendant, Dquan Doyle, has been served. In his unopposed motion for extension of time to answer, he informed the court of Plaintiffs' intent to file a Second Amended Complaint. Plaintiffs filed their Second Amended Complaint on July 2, 2024, adding parties and claims.[*] As counsel is assuredly aware, the court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). While Plaintiffs advise that they have sent email copies of the instant motion to counsel and/or *presumed* counsel for certain Defendants, the court will not set it for hearing until Defendants have been served despite the exhortation of the existence of an emergency.

Once Defendants have been served, the court will first address venue. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a

---

[*] The court notes the First Amended Complaint was 46 pages, and the Second Amended Complaint is 70 pages.

district court may transfer any civil action to any other district or division where it might have been brought . . . ." The events and omissions giving rise to this claim occurred in Tulsa County which lies within the Northern District of Oklahoma. The allegations relate to actions taken at the Detention Home of the Juvenile Bureau of the Tulsa County District Court ("Tulsa Juvenile Detention Center"). Plaintiffs brought this case against, *inter alia*, Tulsa County, *ex rel*. Juvenile Bureau of the Tulsa County District Court ("Tulsa Juvenile Bureau"), the Board of County Commissioners of Tulsa County ("Tulsa County Board"), the Chief Judge of the Juvenile Division of the Tulsa County District Court, and several current and former employees of the Tulsa Juvenile Bureau and/or the Tulsa Juvenile Detention Center. This case clearly could have been brought in the Northern District of Oklahoma, 28 U.S.C. § 1391(b)(1) and (2), and likely should have been brought there.

    The court may transfer a case *sua sponte*, so long as the parties have an opportunity to be heard. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (citing 28 U.S.C. § 1406(a)). In determining whether to transfer the case pursuant to § 1404(a), the court considers:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation omitted. At first blush, all factors except the first appear to favor transfer to the Northern District of Oklahoma where the events and omissions giving rise to this claim occurred – at the Tulsa

Juvenile Detention Center – and where the Tulsa Juvenile Bureau and Tulsa County Board reside.

These matters – venue and the pending motion for preliminary injunction – will be set for hearing once Defendants have been served. If the court decides to transfer this case, it will leave the issue of the preliminary injunction to be determined by the transferee court.

**IT IS SO ORDERED** this 8th day of July, 2024.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**