# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHILD DOE 1, a minor, by and through parent and next friend, PARENT DOE 1, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TULSA COUNTY, *ex rel.* JUVENILE BUREAU OF THE TULSA COUNTY DISTRICT COURT, *et al.*, <br><br> Defendants. | Case No. CIV-24-182-RAW |

## ORDER

Plaintiffs in this action were each, at various periods of time, incarcerated at the Detention Home of the Juvenile Bureau of the Tulsa County District Court (hereinafter "Tulsa Juvenile Detention Center"). *Second Amended Complaint*, Docket No. 31, at 5-8 and 20. The allegations giving rise to this litigation occurred at the Tulsa Juvenile Detention Center. *Id*. at 20-57. Rather than filing suit in the Northern District of Oklahoma where the Tulsa Juvenile Detention Center is located and the alleged events and omissions giving rise to this action occurred, Plaintiffs filed suit in this court.

Now before the court is the motion to transfer venue pursuant to 28 U.S.C. § 1404(a) filed by Tulsa County, *ex. rel*. Juvenile Bureau of the Tulsa County District Court ("Tulsa

Juvenile Bureau") [Docket No. 87], Plaintiffs' response [Docket No. 104], and the Tulsa Juvenile Bureau's reply [Docket No. 107].[1]

Plaintiffs allege in their Second Amended Complaint that venue is proper under, *inter alia*, 28 U.S.C. § 1391(b)(1) because one of the thirty Defendants – Dquan Doyle – resides in Wagoner County, which lies within the Eastern District of Oklahoma.[2][3] The Tulsa Juvenile Bureau points out that Mr. Doyle is now indefinitely tied to the Northern District as he is on supervised release in Tulsa County.[4] In response, Plaintiffs attach the rules and conditions for Mr. Doyle's "Electronic Monitoring Program," which includes that he is "allowed to live and work outside of County." Docket No. 104-2.

No party includes a residential address for Mr. Doyle. "A district court may examine facts outside the complaint to determine whether its venue is proper. And, as is consistent with practice in other contexts, such as construing the complaint, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *See Hancock v. American Tel. and Tel. Co.*, Inc., 701 F.3d 1248, 1260-61 (10th Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352, at 324 (2004)). As there is no evidence before the court conclusively controverting the allegations in the Second Amended

---

[1] The court notes that also pending is a motion to dismiss filed by Turn Key Health Clinics, LLC (hereinafter "Turn Key") and Mandi Raymond, arguing *inter alia* that venue is improper in this district. This motion is not yet at issue, and the court does not reach the merits of the motion. It does, however, consider the arguments therein with regard to venue.

[2] Plaintiffs allege that venue is also proper 28 U.S.C. §§ 1391(c)(2) and (e)(1)(c). The Tulsa Juvenile Bureau does not address these allegations. Turn Key and Ms. Raymond also do not address these allegations in their motion to dismiss based partially on improper venue.

[3] In their response to the instant motion, Plaintiffs incorrectly state that the Office of Juvenile Affairs and Turn Key are also residents of the Eastern District. They are both headquartered in Oklahoma City, which lies in the Western District.

[4] Turn Key and Ms. Raymond also reference this in their motion to dismiss and include a link to Mr. Doyle's docket sheet at www.oscn.net.

Complaint regarding Mr. Doyle's residency[5] and the parties have not addressed Plaintiffs' other allegations with regard to venue, the court accepts Plaintiffs' venue allegations as true for purposes of the instant motion.

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  The events and omissions giving rise to this claim occurred at the Tulsa Juvenile Detention Center in Tulsa County which lies within the Northern District of Oklahoma.  As previously stated, this case clearly could have been brought in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(1) and (2).

In determining whether to transfer the case pursuant to § 1404(a), the court considers:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc*., 928 F.2d 1509, 1516 (10th Cir. 1991)). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Id*. (citation omitted).

Generally, a plaintiff's choice of forum should not be disturbed.  *Id*.  A "plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in this district."  *Id*.

---

[5] The court notes, however, that on www.oscn.net, Mr. Doyle's residence is listed as of June 25, 2024 as Broken Arrow, Oklahoma 74011.  According to www.unitedstateszipcodes.org, 74011 lies in Tulsa County.

None of the "known" Plaintiffs in this case reside in this district. Moreover, courts "accord little weight to a plaintiff's choice of forum "where the facts giving rise to the lawsuit have no *material* relation or *significant* connection to the plaintiff's chosen forum." *Id*. at 1168 (emphasis added). The facts giving rise to this lawsuit have no material relation or significant connection to the plaintiff's chosen forum. All of the alleged events and omissions giving rise to this action occurred at the Tulsa Juvenile Detention Center in Tulsa County which is in the Northern District. All twenty of the "known" Plaintiffs are residents of Tulsa County.[6] At least twenty-four of the thirty named Defendants are residents of Tulsa County.[7]

The accessibility of witnesses and other sources of proof factor also weighs in favor of transfer. "The convenience of witnesses is the most important factor in deciding a motion" to transfer venue. *Id*. at 1169. While it is too early in this litigation to identify witnesses with any precision, again, all of the alleged events and omissions giving rise to this action occurred at the Tulsa Juvenile Detention Center. The witnesses and sources of proof will by necessity be connected to the Tulsa Juvenile Detention Center. The known Plaintiffs reside in Tulsa County. The majority of Defendants reside in Tulsa County. At least one Defendant is currently incarcerated in the Tulsa County jail and would require law enforcement accompaniment either locally to the Northern District courthouse or "49.3 miles down the turnpike," as Plaintiffs

---

[6] Listed in the Second Amended Complaint are also ten Plaintiffs who are "unknown minors" residing in Muskogee County. The court shares the Tulsa Juvenile Bureau's question as to how these "unknown minors" have consented to being represented in this case. In any event, the naming of possible unknown Plaintiffs who may reside in this district does not create a material relation or significant connection to this district. To the extent that Plaintiffs ultimately amend to add or name some of these "unknown minors" residing in Muskogee County, the court is not convinced this creates a *material* relation or *significant* connection to this district when, as previously stated, all of the events giving rise to this litigation occurred in the Northern District.
[7] The Office of Juvenile Affairs, its current and former Directors and General Counsel, and Turn Key are residents of Oklahoma City in the Western District. It is unclear whether Mr. Doyle is a resident of the Northern District or the Eastern District.

4

articulate it, to the Eastern District courthouse. The Northern District is clearly the more convenient forum.

Plaintiffs concede that the following factors – the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; and the advantage of having a local court determine questions of local law – are neutral or irrelevant.

Plaintiffs argue, however, that the relative advantages and obstacles to a fair trial factor weighs strongly in favor of venue in the Eastern District. The court disagrees. Plaintiffs argue that the Tulsa-based news coverage is "pervasive, constant, and comprehensive." Plaintiffs filed a 308-page appendix, much of which is duplicative. In any event, the court is not convinced that the Tulsa-based news coverage creates an obstacle to a fair trial for any party to this action.

Plaintiffs state that one of the Tulsa County Commissioners "Karen Keith, is a much-beloved former local television newscaster and a leading candidate for Tulsa mayor" and that one of the Defendants is Kevin Gray, Chief Judge of the Juvenile Division of the Tulsa County District Court. Plaintiffs argue that this is an obstacle to a fair trial because jurors may be "reticent to place blame on these local celebrities." Plaintiffs also argue that jurors may be influenced by the prospect of having to pay a monetary judgment *via* their taxes. The court does not agree that any of this creates an obstacle to a fair trial. The ordinary *voir dire* procedures are sufficient to protect the rights of each of the parties to a fair trial.

Ultimately, all considerations of a practical nature that make a trial easy, expeditious and economical weigh in favor of transfer to the Northern District of Oklahoma. Accordingly, the motion to transfer filed by the Tulsa Juvenile Bureau [Docket No. 87] is hereby GRANTED.

**IT IS SO ORDERED** this 15th day of August, 2024.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**